UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GARY D. BOWERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA and COMMISSIONER OF INTERNAL REVENUE,<br><br>　　　　　Defendants. | Case No: 1:11 CV 01224-JES-JAG<br><br>District Judge James E. Shadid<br>Magistrate Judge John A. Gorman |

## ANSWER OF THE UNITED STATES

The United States of America and the Commissioner of Internal Revenue, Defendants, respond to the Complaint of Gary D. Bowers, Plaintiff, as follows:

### FIRST DEFENSE

The Commissioner of Internal Revenue and/or the Internal Revenue Service are not proper parties to this action.

### SECOND DEFENSE

This Federal District Court lacks subject matter jurisdiction over this action to the extent it seeks to preclude the IRS from continuing to levy on the plaintiff's social security income or other injunctive relief. Internal Revenue Code § 6330 sets forth an administrative procedure for challenging the validity of an IRS levy. If the taxpayer is dissatisfied with the result of this administrative procedure, he or she may seek judicial review in the United States Tax Court. I.R.C. § 6330 (d). Gary Bowers initiated the administrative process under I.R.C. § 6330, but he failed to follow through. In particular,

he failed to seek judicial review of his challenge to the subject levy in the United States Tax Court. Other than as provided in § 6330, injunctive relief is prohibited by the Anti-Injunction Act, 26 U.S.C. § 7421 (a), since no exceptions other than § 6330 conceivably apply.

## THIRD DEFENSE

The Federal District Court lacks subject matter jurisdiction over this action to the extent it seeks a refund of the funds levied by the Internal Revenue Service. Among the remedies sought by Gary Bowers is a refund of the tax collected through the subject levy. Gary Bowers has failed to properly file and prosecute an administrative claim for refund under I.R.C. § 7422 (a), which is necessary before a court action for refund may be brought. Gary Bowers has failed to pay his tax liabilities in full, which is also necessary before a court action for refund may be brought. It is possible recovery of the funds levied could (assuming the plaintiff's arguments were meritorious) be sought as damages under 26 U.S.C. § 7433 (a), but the complaint fails to state a claim for relief under that provision because it fails to allege that the plaintiff filed an administrative claim for damages under § 7433 (d) (1) or even to mention the provision.

## FOURTH DEFENSE

As to the merits, Gary Bowers has failed to state a claim upon which relief can be granted.

With respect to the numbered allegations of the complaint, the United States answers as follows:

1.  ALLEGATION: This court has jurisdiction pursuant to the provisions of Title 26 U.S.C. § 7442.

>   **ANSWER: The United States denies the allegation in paragraph 1. Section 7442 of title 26 concerns the United States Tax Court.**

2.  ALLEGATION: The Plaintiff in this action is Gary D. Bowers. Mr. Bowers' mailing address is Post Office Box 502, Pekin, Illinois 61555.

>   **ANSWER: The United States admits that the plaintiff in this action is Gary D. Bowers. The United States lacks information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 2.**

3.  ALLEGATION: The Defendants in this action is the United States of America and the Commissioner of Internal Revenue, the Internal Revenue Service. The mailing address of the Internal Service is 1111 Constitution Avenue, Washington D.C. 20224.

>   **ANSWER: The United States admits that Gary Bowers named the United States of America and the Commissioner of Internal Revenue as defendants in this action. The United States admits that the Internal Revenue Service has an office at 111 Constitution Avenue, Washington, DC 20224.**

4.  ALLEGATION: Mr. Bowers has been receiving social security benefit checks for a number years, and continues to be eligible for Social Security benefit

checks, to this day. Mr. Bowers has paid a lot of money into the Social Security insurance system.

> **ANSWER: The United States admits that Gary Bowers has received and continues to receive Social Security Retirement Benefits. The United States lacks information sufficient to form a belief as to whether, when, and/or how much Gary Bowers has paid under the Federal Insurance Contribution Act ("FICA") because, for over 20 years, Gary Bowers has consistently refused to pay federal taxes and to file federal tax returns while he has, on information and belief, been self-employed and, as such, is required to include FICA tax on his individual income tax returns.**

5. <u>ALLEGATION</u>: The Defendant, Commissioner of the Internal Revenue, or one of his employees, has made a levy of Mr. Bowers' Social Security benefit checks, insofar as this action is concerned, beginning June, 2010. This taking has been continuous from June, 2010, until the present.

> **ANSWER: The United States admits that to collect Gary Bowers' delinquent income tax liabilities, the Internal Revenue Service, pursuant to I.R.C. § 6331, served the Social Security Administration, on or about May 3, 2010, with a Notice of Levy, seizing a portion of Gary Bowers' Social Security Retirement Benefits. The United States admits that the Social Security Administration has complied with this levy by sending a portion, $1,107.80, of Gary D. Bowers' monthly benefit to the Internal Revenue Service. The first monthly-benefit**

**seizure occurred on or about May 25, 2010, and the monthly seizures have continued since then.**

6.  ALLEGATION: The Internal Revenue Service has demanded of the Social Security Administration, $1,107.80 of each and every Social Security Benefit check since June of 2010 and has done so continuously. The Social Security Administration itself has complied with the Internal Revenue Services' unlawful demands, even though Mr. Bowers has made several attempts to abate said unlawful levies.

**ANSWER: The United States admits that to collect Gary Bowers' delinquent income tax liabilities, the Internal Revenue Service, pursuant to I.R.C. § 6331, served the Social Security Administration, on or about May 3, 2010, with a Notice of Levy, seizing a portion of Gary Bowers' Social Security Retirement Benefits. The United States admits that the Social Security Administration has complied with this levy by sending a portion, $1,107.80, of Gary D. Bowers' monthly benefit to the Internal Revenue Service. The first monthly-benefit seizure occurred on or about May 25, 2010, and the monthly seizures have continued. The United States denies that the subject levy is unlawful, and it denies that Gary Bowers took proper administrative steps to challenge the subject levy.**

7.  ALLEGATION: The amounts taken from each of Mr. Bowers's benefit checks were in excess of 15%, and total approximately $14,401.40, during the time period spanning June, 2010 through to, and including June, 2011. See Plaintiff's Exhibit

1: Document from the Social Security Administration how much was taken from Mr. Bowers's Social Security benefit checks during this time period.

> **ANSWER: The United States admits that the $1,107.80 per month seized by the IRS levy described herein exceeds 15% of Gary Bowers' monthly Social Security Retirement Benefit. The United States admits that the total amount seized by the subject levy on and between May 25, 2010 and May 25, 2011 was $14,401.40.**

8.  <u>ALLEGATION</u>: Mr. Bowers has made repeated attempts to contact the Internal Revenue Service to abate the aforementioned excessive levies, and has been consistently denied or ignored.

> **ANSWER: The United States lacks information sufficient to form a belief as to how often Gary Bowers contacted IRS employees about the subject levy. The United States denies that Gary Bowers took proper administrative steps to challenge the subject levy, and it denies that IRS personnel inappropriately ignored Gary Bowers regarding the subject levy. To the extent Mr. Bower's requests that the levy be released were denied, such denial was appropriate.**

9.  <u>ALLEGATION</u>: On or about May 20, 2010, Mr. Bowers sent a certified letter to his local Taxpayer Advocate at Taxpayer Advocate Service at 230 S. Dearborn Street, Room 2860, Stop 100S-CHI, Chicago, Illinois 60604. He demanded that the aforementioned unlawful levies cease. See Plaintiff's Exhibit 2.

> **ANSWER: The United States admits that documents labeled "Plaintiffs' Ex. 2" are attached to the Complaint; it admits that Gary**

**Bowers mailed the Exhibit 2 correspondence to the addresses indicated thereon; and it admits that the correspondence asks that the subject levy cease.**

10. <u>ALLEGATION</u>: Furthermore, said same letter referred to in the preceding paragraph was via certified mail to the Internal Revenue Service office located at 1111 Constitution Avenue, Washington D.C. 20224.

**ANSWER: The United States admits that documents labeled "Plaintiffs' Ex. 2" are attached to the Complaint; it admits that Gary Bowers mailed the Exhibit 2 correspondence to the addresses indicated thereon; and it admits that the correspondence asks that the subject levy cease.**

11. <u>ALLEGATION</u>: It has been over ten (10) months since Mr. Bowers sent the letters referred to in paragraphs nine (9) and ten (10). The Taxpayer Advocate Service and the Internal Revenue Service generally continue to ignore Mr. Bowers and his requests that the defendants comply with the written law.

**ANSWER: The United States admits that the subject levy continues to capture the social security payments in the amount indicated above for it complies with the applicable law. The United States denies that IRS personnel inappropriately ignored Gary Bowers regarding the subject levy. The United States lacks information sufficient to form a belief as to whether the Taxpayer Advocate Service has ignored Mr. Bowers regarding the subject levy.**

7776722.1

12. <u>ALLEGATION</u>: Mr. Bowers has exhausted all administrative remedies.

**ANSWER: The United States denies the allegation in paragraph 12.**

WHEREFORE, the United States of America requests a judgment dismissing this action with prejudice and awarding it the costs for this matter.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JOHN DiCICCO<br>Principal Assistant Attorney General |
| Wednesday, December 7, 2011 | Tax Division U.S. Dept. of Justice |
|  | /s/ L. Steven Schifano<br>_____<br>L. Steven Schifano, Trial Attorney<br>U.S. Department of Justice Tax Division<br>P.O. Box 55, Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 307-6575 Phone |
| *Local Counsel:* | (202) 514-5238 Fax<br>l.steven.schifano@usdoj.gov |
| JAMES A. LEWIS<br>United States Attorney | Wisconsin Bar # 1019644<br>Counsel for the United States |