**E-FILED**
Thursday, 01 March, 2012  11:12:17 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

GARY D. BOWERS,

          Plaintiff,

   v.

UNITED STATES OF AMERICA and
COMMISSIONER OF INTERNAL
REVENUE,

         Defendants.

Case No: 1:11 CV 01224-JES-JAG

District Judge James E. Shadid
Magistrate Judge John A. Gorman

---

## STATEMENT OF FACTS PURSUANT TO L.R. 7.1 (D) (1) (b)

Below is a statement of facts, formatted in accord with Local Rule 7.1 (D) (1) (b),
regarding the accompanying motion to dismiss by the United States.

———

1.    The plaintiff, Gary Bowers, is an Illinois resident who has consistently
refused to pay his federal income taxes for over 20 years, since it least 1982.  *DecCnsl
at pages 3-90.*

2.    The plaintiff is or was delinquent regarding his obligation to pay federal
income tax for the years 1982 through and including 1995, 1997 through and including
2005, and 2008, a total of 24 tax years.  *DecCnsl at pages 3-61, 82-90.*

3.    Since at least 1991, the plaintiff has refused to file federal income tax
returns, forcing the Internal Revenue Service ("IRS") to calculate and assess his income
tax liability by examination.  *DecCnsl at pages 3-61.*

4.      The plaintiff receives Social Security Retirement Benefits.  *Complaint at paragraphs 4-6 and attached Exhibits 1-2, 4; DockNo 1.*

5.      According to information returns filed with the IRS, for the year 2009, the plaintiff's income included $36,210 from UA Locals 63 353 Joint Pension Trust Funds, $14,580 from the Plumbers and Pipefitters National Pension Fund, and $24,042 in Social Security Retirement Benefits, for a total of $74,832.  *DecCnsl at pages 91-94.*

6.      According to information returns filed with the IRS, for the year 2010, the plaintiff's income included $31,417 from UA Locals 63 353 Joint Pension Trust Funds, $14,580 from the Plumbers and Pipefitters National Pension Fund, and $23,970 in Social Security Retirement Benefits, for a total of $69,967.00.  *DecCnsl at pages 95-97.*

7.      On or about February 16, 2010, the IRS mailed the plaintiff a Collection Due Process Notice of Intent to Levy, under I.R.C. § 6330.  *DecCnsl at pages 47-48, 55, 70-71, 73-81.*

8.      On or about April 13, 2010, the IRS mailed the plaintiff a Collection Due Process Notice of Lien Filing, under I.R.C. § 6320.  *DecCnsl at pages 47-48, 55, 70-71, 73-81.*

9.      By letter dated April 24, 2010, from the plaintiff to Deborah K. Hurst, Operations Manager, Internal Revenue Service, Fresno, California, the plaintiff requested a collection due process hearing regarding both the notice of lien and the notice of levy.  The letter states, in pertinent part, as follows:

> This Request for Appeals Consideration is for the purpose of invoking my right to have the Appeals Office review the lawfulness of the determinations and other actions which have been taken in my case.  It is based upon the provisions of 26 U.S.C. §§ 6320 and 6330.
>
> . . . .

8146241.1

Pursuant to § 6320 (b) (4), which states that "a hearing under this section shall be held in conjunction with a hearing under 6330," I request that the hearings available to me under both §§ 6320 and 6330 be held at the same time.

. . . .

. . . [O]ne of the issues to be addressed at my conference is the lawful basis of the underlying assessment upon which this lien and intention to initiate levy action is based.  This issue is specifically listed as one which may be raised at 26 U.S.C. § 6330 (c) (2) (B) . . . .

. . . .

The heart of this matter is the lack of any statute which clearly and unequivocally makes me liable for (or subject to) the tax imposed within Subtitle A of the Internal Revenue Code (IRC).  Without such statutory liability, I could not owe any amounts with respect to such tax.

. . . .

Please be aware that I have made the determination that I am not liable for (or subject to) the taxes the IRS alleges I owe, and therefore I am not a "taxpayer" as that term is defined within IRC § 7701 (a) (14) . . . .

If some employee of the IRS has made a determination contrary to the one I made – that I *am* a "taxpayer," or subject to (or liable for) a tax -- then it is necessary for such employee to identify the source of their authority to make such determination, and provide copies of the Delegation Order(s) which delegate such authority to such employee.

. . . .

From this section [I.R.C. § 6201], it is clear that the Secretary's authority is limited to the assessment of those taxes which are either payable by stamp or those for which returns or lists have been made.  However, in my case, there are no returns.  I had no requirement to file any returns, because returns are only required to be filed by those persons made liable for (or subject to) a tax.  This is confirmed by IRC §§ 6001 and 6011 . . . .

Finally, the deficiency procedures established within Subchapter B of Chapter 63 only relate to the taxes imposed by Subtitle A (income taxes), Subtitle B (estate and gift taxes), and Chapters 41, 42, 43, and 44 (excise taxes).  Please be aware that I am a citizen of the United States

8146241.1

and have received no foreign-earned income for the years in question, therefore I have no taxable income. *DecCnsl at pages 73-81.*

10.     To collect the plaintiff's delinquent income tax liabilities, the IRS, pursuant to I.R.C. § 6331, served the Social Security Administration on or about May 3, 2010, with a paper notice of levy on Form 688-W, "Notice of Levy on Wages, Salary, and Other Income," seizing a portion of the plaintiff's Social Security Retirement Benefits. *DecCnsl at pages 90.*

11.     The Social Security Administration complied with this levy by disbursing the plaintiff's monthly retirement benefit, $1,886.97, by sending $1,107.80 to the IRS and sending $779.17 to the plaintiff.  *Complaint at paragraphs 4-6 and attached Exhibits 1-2, 4; DockNo 1; DecCnsl at pages 3-5, 46-65.*  The first monthly benefit seizure occurred on or about May 25, 2010, and monthly seizures in the same amount continued thereafter.  *Id.*

12.     The $1,107.80 per month seized by the IRS levy upon the plaintiff's monthly Social Security Retirement Benefit exceeds 15% of each benefit payment. *Complaint at paragraphs 4-6 and attached Exhibits 1-2, 4.*

13.     By correspondence dated June 10, 2010, the IRS notified the plaintiff that his request for a CDP hearing did not arrive at the proper location until June 8, 2010, because he mailed the request to the wrong address: "[Y]ou submitted your request to Fresno, CA.  We did not receive your request in Kansas City until June 8, 2010." *DecCnsl at page 69.*

14.     Despite the plaintiff's mailing error, IRS Appeals offered to provide him with a hearing if he submitted an amended hearing request raising legitimate issues.

8146241.1

*DecCnsl at pages 65-66.*  By letter dated August 23, 2010, Alex Lau, Settlement Officer, at the Brookhaven Appeals office of the IRS responded to the plaintiff's request for a Collection Due Process Hearing as follows:

> I received and reviewed your request for a collection due process (CDP) and/or Equivalent Hearing.
>
> I have determined that your disagreement is either:
>
> - a "specified frivolous position", identified by the IRS in notice 2008-14 . . ., or
> - a reason that is not a "specified frivolous position," but is a frivolous reason reflecting a desire to delay or impede federal tax administration; or
> - a moral, religious, political, constitutional, conscientious, or similar objection to the imposition or payment of federal taxes that reflects a desire to delay or impede the administration of federal tax laws.
>
> I cannot schedule a conference where the hearing request is based solely on a specified frivolous position, or the disagreement reflects a desire to delay or impede the administration of federal tax laws.
>
> You can amend your hearing request if you have any legitimate issues (s) you wish to discuss and withdraw the frivolous or desire-to-delay issues. . . . .
>
> If you do not have any legitimate issue(s) to discuss and, therefore, do not intend to amend your hearing request you can, instead, withdraw your request.

*DecCnsl at pages 65-66.*

15.     Gary Bowers did not amend his request for a CDP hearing.  *DecCnsl at pages 62-64.*  Instead, he chose to withdraw his request for a CDP hearing by letter dated September 21, 2010, addressed to Alex Lau at the Brookhaven appeals office. The letter states as follows:

> I am in receipt of your computer printout wherein I am denied a Collection Due Process Hearing because I raise legal issues.  Your printout makes it clear that there is no remedy at law to be found in your forum, so I give notice that I withdraw my application for a hearing.

8146241.1

*DecCnsl at pages 62-64.*

16.     Gary Bowers' outstanding liability for federal income taxes totals $110,416.74 as of November 30, 2011, itemized as follows:

| Year | Amount |
|---|---|
| 1997 | $9,515.49 |
| 1998 | $11,958.68 |
| 1999 | $14,959.90 |
| 2000 | $20,074.57 |
| 2001 | $6,552.49 |
| 2002 | $12,435.73 |
| 2003 | $8,306.81 |
| 2005 | $9,430.72 |
| 2008 | $17,182.35 |
| Total | $110,416.74 |

*DecCnsl at pages 100-102.*

17.     In his complaint, Gary Bowers seeks an order finding that the IRS seizure of more than 15% of his monthly Social Security Retirement Benefit violates the Internal Revenue Code, an order enjoining the IRS from seizing more than 15% of his monthly Social Security Retirement Benefit in the future, and an order directing the IRS to refund the amount previously seized from his Social Security Retirement Benefits that exceeds 15% of his monthly entitlement.  *Complaint at pages 3-4; DockNo 1.*

8146241.1

Respectfully submitted,

JOHN DiCICCO
Principal Assistant Attorney General
Wednesday, February 29, 2012          Tax Division U.S. Dept. of Justice


/s/ L. Steven Schifano
_____
L. Steven Schifano, Trial Attorney
U.S. Department of Justice Tax Division
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
(202) 307-6575 Phone
*Local Counsel:*                      (202) 514-5238 Fax
                                      l.steven.schifano@usdoj.gov
JAMES A. LEWIS                        Wisconsin Bar # 1019644
United States Attorney                Counsel for the United States

8146241.1