E-FILED
Tuesday, 22 May, 2012  03:01:55 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY D. BOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 11-1224 |
| | ) |
| UNITED STATES OF AMERICA and | ) |
| COMMISSIONER OF INTERNAL | ) |
| REVENUE, | ) |
| | ) |
| Defendants. | ) |

## O R D E R

This matter is now before the Court on Defendant's Motion to Dismiss or Alternatively for Summary Judgment.  For the reasons set forth below, the Motion to Dismiss [14] is GRANTED.

### BACKGROUND

Plaintiff, Gary Bowers, is a resident of Pekin, Illinois.  He has received monthly social security benefits for a number of years and continues to receive these benefits.  In June 2010, the Internal Revenue Service placed a levy against Bowers' social security benefits to collect overdue tax debt, requiring the Social Security Administration to remit $1,107.80 of each of the checks since June 2010 to the IRS and leaving a $779.17 monthly benefit for Bowers.  He contends that this levy exceeds the 15% maximum allowed under IRS regulations and that all efforts to remedy the situation through the administrative process have failed.

Defendants have now moved to dismiss the Complaint.  The matter is fully briefed, and this Order follows.

**DEFENDANTS MOTION TO DISMISS**

**I.     Legal Standard**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rule of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." *Id.*; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

**II.    Analysis**

The Complaint cites 26 U.S.C. § 7442 as the basis for jurisdiction. Section 7442 provides in its entirety:

> The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title, by chapters 1, 2, 3, and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat 10-87), or by laws enacted subsequent to February 26, 1926.

This section plainly does not vest Plaintiff with jurisdiction to sue the IRS in federal district court. However, the Court notes that 26 U.S.C. § 7433 does authorize a private right of action to collect civil damages in federal district court and also contains a waiver of sovereign immunity for such a suit.

A levy is an administrative order from the IRS seizing property belonging to a taxpayer in payment of an outstanding tax liability. I.R.C. § 6331(a). Individual income, including social security benefits, is partially exempt from levy under I.R.C. § 6334 in an amount equal to the sum of the taxpayer's standard deduction and personal exemptions. 42 U.S.C. § 407; I.R.C. §§ 6334(a)(9), (c), and (d). For 2009 and 2010, this exempt amount was $779.17 per month.

An IRS levy is generally a one-time occurrence rather than a continuing event, seizing property in existence at the time the levy is served. I.R.C. §§ 6331 (a) and (b). However, a one-time levy may seize a future stream of payments if the taxpayer's right to the payments is fixed and determinable without any requirement for the provision of future services. Treas. Reg. § 301.633-1; Rev. Rul. 55-210. Alternatively, where these requirements may not be satisfied, a levy on salary or wages payable to or received by a taxpayer can also be continuous from the date the levy is first made until the levy is released pursuant to I.R.C. § 6331(e). Further provisions establish that this type of continuing levy on specified payments (which can also include the social security payments at issue here) is subject to a 15% cap. I.R.C. §§ 6331(h)(1) and (2). It is this 15% cap that Plaintiff claims has been violated in this case.

Plaintiff does not challenge the procedures used to institute the levy, but only the amount levied from his social security benefits. Essentially, his position boils down to the argument that any levy against income, such as social security payments, must be made pursuant to I.R.C. § 6331(h)

and is therefore subject to the 15% cap. This argument lacks any basis in fact or law, as "the permissive language of the statute gives the Secretary discretion to approve [continuous] levies under Section 6331(h) rather than under Section 6331(a), but Section 6331(h) does not *require* the Secretary to attach a continuous levy [under Section 6331(h)] even where the type of property might be eligible for one." *Hines v. United States*, 658 F.Supp.2d 139, 146-47 (D.D.C. 2009). In other words, where a levy could be issued under both sections, the statute does not compel that the levy be issued under one section or the other.

Here, Plaintiff's social security payments represent a present, vested right to receive such benefits in fixed monthly payments for the rest of his life. "The amount of benefits are calculable – they are based on earnings averaged over plaintiff's lifetime and determinable based upon a complex formula." *Id.*, c*iting* 42 U.S.C. §§ 402 *et seq.* Receipt of benefits is not contingent on the performance of any additional services, and the tax lien and levy could therefore attach to the entire stream of payments as a one-time levy pursuant to §§ 6331(a)-(b). The assertion that this was a one-time levy is further supported by the fact that the levy was initiated by a paper Form 668-W rather than the electronic processes under the Federal Payment Levy Program, as would be the proper mechanism for a continuous levy. As a one-time levy, the 15% cap on continuing levies under § 6331(h) is simply inapplicable. *See United States v. Marsh,* 89 F.Supp.2d 1171, 1178-79 (D.Hawaii 2000). Plaintiff has therefore failed to establish a claim for relief that is plausible on its face, and the Complaint must be dismissed.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss [14] is GRANTED and the alternative request for summary judgment is MOOT. This matter is DISMISSED for failure to state a claim

upon which relief could be granted.  All deadlines or hearings are VACATED and any other pending motions are now MOOT.  This matter is now TERMINATED.

ENTERED this 22nd day of May, 2012.

s/ James E. Shadid<br>
James E. Shadid<br>
Chief United States District Judge